[Cite as *State v. Palmer*, 2013-Ohio-2404.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-P-0154** |
| BRIAN D. PALMER, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division.
Case No. R 2012 TRC 5932.

Judgment: Reversed and remanded.


*Victor V. Vigluicci*, Portage County Prosecutor, *Kristina Drnjevich* and *Pamela J. Holder*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Craig M. Stephens*, 206-A South Meridian Street, P.O. Box 229, Ravenna, OH 44266 (For Defendant-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, the state of Ohio, appeals the judgment of the Portage County Municipal Court, Ravenna Division, granting the motion to suppress the results of the Intoxilyzer 8000 breath test of appellee, Brian D. Palmer.

{¶2}   Appellee was stopped on State Route 59 for excessive speed. During the stop, the trooper noticed appellee's speech was slurred and his eyes were glassy. At the police station, the trooper administered a breath test utilizing the Intoxilyzer 8000.

The result of the breath test revealed that appellee's blood alcohol concentration was .136. As a result, appellee was cited for operating a vehicle under the influence of alcohol and driving with a prohibited blood alcohol content ("BAC"), in violation of R.C. 4511.19 (A)(1)(d). After appellee entered a not guilty plea, he filed a motion to suppress the results of the Intoxilyzer test, which was captioned "motion in limine." The trial court ultimately concluded the results of the breath test from the Intoxilyzer 8000 were not admissible at the trial of appellee.

{¶3} The state timely appealed and presents a single assignment of error for our review:

{¶4} "The Portage County Municipal Court erred as a matter of law by permitting a general attack on the scientific reliability of the Intoxilyzer 8000 contrary to Ohio statutes and well-established case law."

{¶5} As a preliminary matter, we must first address appellee's contention that the trial court's ruling on the "motion in limine" is not a final, appealable order because it did not determine the ultimate admissibility of evidence but rather was a preliminary evidentiary ruling. However, "[a]ny motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress." *State v. Davidson*, 17 Ohio St.3d 132 (1985), syllabus.

{¶6} In *State v. Carter*, 11th Dist. No. 2012-P-0027, 2012-Ohio-5583, this court addressed the identical issue. There, relying on *Davidson*, *supra*, we concluded: "[R]egardless of the label of Carter's motion, it was a motion to suppress since it

2

resulted in the exclusion of evidence that was essential to prove the per se OVI charge. We therefore hold that the court's ruling granting the motion was a final, appealable order." *Id.* at ¶11. We then concluded that, as the trial court did not treat its ruling "as anything other than a final order," the discussion was moot. *Id.* *See also State v. Rouse*, 11th Dist. No. 2012-P-0030, 2012-Ohio-5584, ¶8-11.

{¶7} Similarly here, pursuant to the state's Crim.R. 12(K) certification, the suppression of the BAC results rendered the state's proof with respect to the pending *per se* charge so weak in its entirety that any reasonable possibility of effective prosecution on that charge has been destroyed. Additionally, although the motion is captioned "motion in limine," it is clear the motion requested suppression or exclusion of the state's evidence. The trial court acknowledged the motion "moved the court to exclude evidence at trial regarding Defendant's BAC results"; the trial court essentially treated the matter as a suppression motion. We therefore reject appellee's contention that this court does not have jurisdiction to proceed.

{¶8} The issue raised in this appeal is identical to the issue raised in *State v. Johnson*, 11th Dist. No. 2012-P-0008, 2013-Ohio-440; *State v. Rouse*, 2012-Ohio-5584; and *State v. Carter*, 2012-Ohio-5583.

{¶9} In these decisions, we recognized the Ohio General Assembly has given the Director of Health the authority to determine techniques for chemically analyzing a person's breath in order to ascertain the amount of alcohol contained in the person's breath. R.C. 3701.143. R.C. 4511.19(D)(1) requires breath samples be analyzed for alcohol content "in accordance with methods approved by the director pursuant to R.C.

3

3701.143." The director has approved the Intoxilyzer 8000 as an evidential breath testing instrument. OAC 3701-53-02(A)(3).

{¶10} In these decisions, we essentially followed *State v. Vega*, 12 Ohio St.3d 185 (1984). The issue before the *Vega* Court was whether the defendant may use expert testimony to attack the general reliability of intoxilyzers in light of R.C. 4511.19, which provided for the admission of the test results if the tests are analyzed according to methods approved by the director. The *Vega* Court held that "an accused is not denied his constitutional right to present a defense nor is the state relieved of its burden of proving guilt beyond a reasonable doubt where a trial judge does not permit expert testimony to attack the reliability of intoxilyzers in general." *Id.* at 186.

{¶11} Applying *Vega*, we held that while a general attack on the reliability of the Intoxilyzer is prohibited, the presumption of reliability is nonetheless rebuttable. *See Johnson* at ¶32; *Rouse* at ¶36.

{¶12} A defendant is therefore entitled to challenge the specific breath test results based on specific alleged deficiencies in the testing equipment; the burden, however, is on the defendant to come forward with evidence sufficient to overcome the presumption afforded to the Director of the Ohio Department of Health as determined by the Ohio Supreme Court in *Vega*. *Rouse* at ¶39. In light of the evidence produced at the hearing, the trial court may then determine whether to admit the breath test device. *Johnson* at ¶32.

4

**{¶13}** In *Johnson*, we expressed the reservations that neither R.C. 3701.143 nor the administrative code sets forth an objective standard enabling a defendant or the courts to understand the criteria used by the director, if any, in approving the selected breath test instruments. *Id*. at ¶26. Based on *Vega*, however, we nevertheless determined that the director's placement of the breath testing instrument on the approved list creates a presumption of its general reliability. *Id*. at ¶27. This, however, does not resolve the issue of admissibility. After the presumption attaches, a defendant may make specific challenges to the reliability of the Intoxilyzer 8000. And, in light of the evidence adduced at the hearing, a court may determine whether to admit the breath test evidence pursuant to its gatekeeping function. *See Rouse, supra, passim*.

**{¶14}** Accordingly, the state's sole assignment of error is with merit.

**{¶15}** For the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, is reversed, and the matter is remanded for proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

**{¶16}** I concur in the judgment ultimately reached in the opinion, that "a general attack on the reliability of the Intoxilyzer is prohibited." *Supra* at ¶ 11. I concur in judgment only for the reasons stated in my concurring opinions in *State v. Johnson*, 11th Dist. No. 2012-P-0008, 2013-Ohio-440, and *State v. Witherspoon*, 11th Dist. No. 2012-P-0075, 2013-Ohio-1000.