[Cite as *State v. Knight*, 2016-Ohio-8505.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 15AP0019 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEPHEN P. KNIGHT | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2014 CR-B 001000 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Stephen P. Knight, appeals the judgment of the Wayne County Municipal Court convicting him of one count of sexual imposition and one count of failure to comply with underage alcohol laws. We affirm.

I.

{¶2} On July 1, 2014, the State filed a criminal complaint against Knight, charging him with the following counts: (I) failure to comply with underage alcohol laws in violation of R.C. 4301.69(B), a first-degree misdemeanor; (II) sexual imposition in violation of R.C. 2907.06(A)(1), a third-degree misdemeanor; and (III) sexual imposition in violation of R.C. 2907.06(A)(2), a third-degree misdemeanor. Knight pleaded not guilty to the charges and the matter proceeded to a jury trial.

{¶3} At the conclusion of trial, the jury found Knight guilty of Counts I and III of the complaint, but acquitted him of Count II. Knight subsequently filed a motion to set aside the

verdicts and enter judgments of acquittal pursuant to Crim.R. 29(C). The trial court ultimately denied Knight's motion. On April 30, 2015, the trial court sentenced Knight, but stayed its sentence pending this appeal.

{¶4} Knight filed this timely appeal and raised three assignments of error for this Court's review.

II.

**Assignment of Error I**

**The trial court erred in overruling Mr. Knight's motion for a mistrial when [the victim] testified to prior bad acts of Mr. Knight in violation of Evid.R. 404(B).**

{¶5} In his first assignment of error, Knight argues that the trial court erred by denying his motion for a mistrial based on the victim's testimony concerning Knight's prior bad acts. We disagree.

{¶6} "Great deference is afforded to a trial court's decision regarding a motion for mistrial[.]" (Internal citations omitted.) *State v. Howes*, 9th Dist. Summit No. 24665, 2010–Ohio–421, ¶ 11. We recognize that the trial court judge is in the best position to determine whether the declaration of a mistrial is warranted under the circumstances as they have arisen in the courtroom. *State v. Kyle*, 9th Dist. Summit No. 24655, 2010–Ohio–4456, ¶ 25, citing *State v. Glover*, 35 Ohio St.3d 18, 19 (1988); *State v. Ahmed*, 103 Ohio St.3d 27, 2004–Ohio–4190, ¶ 92. Accordingly, this Court "will not second-guess such a determination absent an abuse of discretion." *Ahmed* at ¶ 92. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this

Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} "'Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible.'" *State v. Witcher*, 9th Dist. Summit No. 26111, 2012–Ohio–4141, ¶ 32, quoting *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). "The essential inquiry on a motion for mistrial is whether the substantial rights of the accused are adversely affected." *Howes*, 2010–Ohio–421, at ¶ 11, quoting *Wadsworth v. Damberger*, 9th Dist. Medina No. 3024-M, 2000 WL 1226620, *2 (Aug. 30, 2000). In determining whether a defendant was deprived of a fair trial, we must determine whether, absent the error or irregularity, "the jury would have found the appellant guilty beyond a reasonable doubt." *Columbus v. Aleshire*, 187 Ohio App.3d 660, 2010-Ohio-2773, ¶ 42 (10th Dist.), citing *State v. Maurer*, 15 Ohio St.3d 239, 267 (1984). To determine whether the alleged misconduct resulted in prejudice, we must consider (1) the nature of the error, (2) whether an objection was made, (3) whether the trial court provided corrective instructions, and (4) the strength of the evidence against the defendant. *Aleshire* at ¶ 42, citing *State v. Tyler*, 10th Dist. Franklin No. 05AP–989, 2006–Ohio–6896, ¶ 20.

{¶8} On direct examination, the victim testified that on November 4, 2013, Knight sexually molested him in the middle of the night while he was lying in bed at Knight's home. The victim further testified that he did not contact the police regarding this incident until February of 2015. However, on the very day that Knight contacted the Wayne County Sheriff's Office and gave his statement, the victim also had a telephone conversation with Knight. The victim testified that he recorded his phone conversation with Knight in order "[t]o get answers" and to "get evidence[.]" The State then played the recording of the telephone conversation to the jury. After the recording had finished playing for the jury, the following exchange occurred:

> Prosecutor: In your conversation that you have with [Knight], you mention a recording. Could you explain, could you explain the reference to that recording to the jury?
>
> Victim: I wanted answers about what he had done to me. I knew if I confronted him he would just deny it so I told him this   had been going on for a while now, uh * * *
>
> Defense counsel: * * * objection. May we approach?

At sidebar, defense counsel made a motion for a mistrial, arguing that the victim's statement that "this had been going on for a while now" referred to incidents of past abuse, in violation of Evid.R. 404(B). Defense counsel also argued that the victim's testimony was prejudicial such that a curative instruction would be insufficient to undo "the damage that has been done." In overruling defense counsel's objection, the trial court noted that the victim's testimony did not refer to any specific prior bad acts by Knight. Moreover, following the sidebar, the trial court told the jury that the victim's statement in question was offered for the purpose of explaining the reference to the recording of the telephone conversation. The trial court further instructed the jury that they were "to infer nothing from [the victim's statement] other than as an answer to that specific question."

{¶9} Knight argues on appeal that since no physical evidence was presented at trial, the jury's verdict necessarily turned on the credibility of the witnesses. As such, Knight contends that the victim's statement that "this had been going on for a while now" severely prejudiced his right to a fair trial. However, after reviewing the record, we cannot say that the trial court abused its discretion in denying Knight's motion for a mistrial. First, the victim's statement was vague and did not reference any specific prior bad act on the part of Knight. Second, there was ample testimony given at trial to convict Knight of the charged offenses, such as the victim describing how he was awoken in the middle of the night by Knight grabbing his penis, as well as Knight's

subsequent text messages and recorded telephone conversation with the victim wherein he both admitted to inappropriately touching the victim and apologized for doing so. Knight has therefore failed to demonstrate how or if the admission of the victim's statement prejudiced him such that the jury would not have convicted him but for this statement. And third, the trial court specifically instructed the jury not to infer anything from the victim's testimony in question other than as an answer to counsel's specific question. As the jury is presumed to have followed the trial court's instruction, we cannot say that the victim's testimony affected the outcome of the trial. Thus, we conclude that the trial court did not err by denying Knight's motion for a mistrial based on the victim's statement. *See State v. W.J.*, 10th Dist. Franklin No. 14AP-457, 2015-Ohio-2353, ¶ 49-52 (concluding that the trial court did not abuse its discretion in denying appellant's motion for a mistrial in light of the ample evidence presented at trial to convict him and where the child victim's testimony concerning appellant's criminal history was vague and did not reference any specific crime); *see also State v. Ocasio*, 9th Dist. Lorain No. 15CA010773, 2016-Ohio-4686, ¶ 23 (concluding that a prosecutor's erroneous statement concerning gross sexual imposition being a strict-liability offense did not affect the outcome of the trial since the trial court instructed the jury on the mens rea element of the offense and the jury was presumed to have followed the trial court's instruction).

{¶10} Knight's first assignment of error is overruled.

### Assignment of Error II

**The trial court impermissibly allowed Deputy Saurer to testify as an expert on sexual assault when the State did not identify her as an expert, did not provide an expert report, and the deputy was not qualified as an expert.**

{¶11} In his second assignment of error, Knight argues that the trial court erred by permitting Deputy Teresa Saurer to testify as an expert witness. We disagree.

{¶12} At the outset, we note that Knight failed to object to Deputy Saurer's testimony at trial. As such, Knight has forfeited all arguments but plain error on this issue. *See* Crim.R. 52(B); *State v. Mobley*, 2d Dist. Montgomery No. 26858, 2016-Ohio-4579, ¶ 29. To establish plain error:

> "[f]irst, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights[]' [to the extent that it] * * * affected the outcome of the trial."

*State v. Hardges*, 9th Dist. Summit No. 24175, 2008–Ohio–5567, ¶ 9, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). However, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶13} At trial, Deputy Saurer of the Wayne County Sheriff's Department testified regarding her investigation into the victim's allegations against Knight. Specifically, Deputy Saurer testified that in her training and experience as a deputy sheriff and as a sexual assault officer, it is very common for victims of sexual abuse to delay reporting the abuse to the authorities. She also testified that it is common for victims of sexual abuse to maintain contact with their abuser after the abuse occurs. Knight contends that Deputy Saurer should not have been permitted to testify because she was not qualified as an expert and had not submitted an expert report in compliance with Crim.R. 16(K). Knight further contends that Deputy Saurer's testimony may have affected the outcome of his trial for two reasons. First, her testimony was irrelevant and may have bolstered the victim's credibility. And second, because the State did not provide defense counsel with advance warning of Deputy Saurer's expertise, Knight was ill-prepared to refute Deputy Saurer's testimony.

{¶14} Assuming arguendo that Deputy Saurer's testimony was improper, we cannot conclude that Knight has established the existence of plain error in this matter. Although Knight speculates that Deputy Saurer's alleged expert testimony affected the jury's verdict, he has not demonstrated that he was unfairly prejudiced as a result of the testimony. As noted earlier in this opinion, there was ample other evidence presented at trial to support Knight's convictions for sexual imposition and failure to comply with underage alcohol laws, including the victim's own testimony describing in great detail how Knight inappropriately touched him, as well as Knight's subsequent text and telephone conversations with the victim wherein he admitted to inappropriately touching him and apologized for doing so. As such, even if the trial court had excluded Deputy Saurer's testimony, Knight has not demonstrated that the outcome of his trial would have been different. *See State v. Palmer*, 12th Dist. Butler Nos. CA2013-12-243, CA2014-01-014, 2014-Ohio-5491, ¶ 42, citing *State v. Joseph*, 73 Ohio St.3d 450, 458 (1995); *see also Mobley* at ¶ 34 (holding that in the absence of any objection pursuant to Evid.R. 702 or Crim.R. 16(K), the trial court did not err by failing to sua sponte exclude evidence that appeared to be proper on its face).

{¶15} Knight's second assignment of error is overruled.

**Assignment of Error III**

**The trial court failed to define "substantially impaired" during its instructions to the jury on the elements of Sexual Imposition and this failure constituted plain error thereby depriving appellant of his right to a fair trial.**

{¶16} In his third assignment of error, Knight contends that the trial court committed plain error by failing to instruct the jury on the definition of the term "substantially impaired" as it is used in R.C. 2907.06(A). We disagree.

**{¶17}** Generally, "a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged, and, where specific intent or culpability is an essential element of the offense, a trial court's failure to instruct on that mental element constitutes error." *State v. Adams*, 62 Ohio St.2d 151, 153 (1980). In *State v. Zeh*, 31 Ohio St.3d 99 (1987), the Supreme Court of Ohio observed that "[t]he phrase 'substantially impaired,' in that it is not defined in the Ohio Criminal Code, must be given the meaning generally understood in common usage." *Id.* at 103. The *Zeh* court held that "substantial impairment must be established by demonstrating a present reduction, diminution or decrease in the victim's ability, either to appraise the nature of his conduct or to control his conduct." *Id.* at 103-104. Knight's third assignment of error challenges the trial court's omission of this information in its jury instructions.

**{¶18}** However, we again note that Knight failed to object to the jury instructions at trial. As such, Knight has forfeited all arguments but plain error on this issue. *See State v. Springs*, 8th Dist. Cuyahoga No. 103539, 2016-Ohio-5323, ¶ 44. An erroneous jury instruction does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Cooperrider*, 4 Ohio St.3d 226, 227 (1983).

**{¶19}** After reviewing the record, we determine that Knight has failed to demonstrate plain error with respect to the jury instructions since we cannot conclude that he was prejudiced by the omitted definition of the term "substantially impaired." The evidence in this case shows that the victim arrived at Knight's house at 11:30 p.m. on November 4, 2013, where he proceeded to consume several beers, several mixed drinks, and an Ativan tablet. The victim testified that he drank too much and ultimately vomited in the bathroom. The victim further testified that after vomiting, he "went straight to bed" in Knight's downstairs bedroom. Lastly,

the victim testified that he woke up in the middle of the night to Knight inappropriately touching him. Based on the foregoing evidence, we are unable to conclude that the outcome of Knight's trial would have been different had the trial court fully instructed the jury on the proper definition of the term "substantially impaired." *See Springs* at ¶ 46 ("[T]he evidence in this case demonstrated that [the victim] was asleep at the time of the sexual intercourse. Thus, we are unable to conclude that but for an error in further defining 'substantially impaired,' the outcome of the trial clearly would have been otherwise.").

**{¶20}** Knight's third assignment of error is overruled.

### III.

**{¶21}** Having overruled Knight's three assignments of error, the judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN SHAKER, Assistant Prosecuting Attorney, for Appellee.