[Cite as *State v. Allgood*, 2019-Ohio-738.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 17CA011224 |
| --- | --- | --- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NATHANIEL D. ALLGOOD | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 17CR095640 |

DECISION AND JOURNAL ENTRY

Dated: March 4, 2019

CALLAHAN, Judge.

{¶1} Appellant, Nathaniel Allgood, appeals his convictions in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On January 12, 2017, A.S. returned home from work and found Mr. Allgood, his girlfriend's father, intoxicated and lying on the couch. A.S. decided to take a nap in an upstairs room, leaving his girlfriend D.H., their infant son, Mr. Allgood, and the couple's toddler son A.K.S. downstairs. Shortly thereafter, A.S. became concerned and decided to look around the house for Mr. Allgood and A.K.S. He found Mr. Allgood in a bathroom with A.K.S. Mr. Allgood held his genitals in one hand and his other hand rested on the toddler's neck. A.K.S.'s pull-up diaper had been completely removed. A.S. removed A.K.S. from the room, called for D.H., and physically attacked Mr. Allgood.

{¶3}    D.H. called the police to report a suspected sexual assault.  Mr. Allgood was arrested and charged with two counts of attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2907.02(A)(2), respectively.   Each rape charge was accompanied by a penalty enhancement specifying that the victim was under ten years of age, as provided by R.C. 2907.02(B).  Mr. Allgood was also charged with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and R.C. 2907.05(B), respectively.  Before the scheduled trial date, the State dismissed one count of gross sexual imposition, and the trial court allowed the State to amend the other count to attempted gross sexual imposition.  The trial court also granted Mr. Allgood's motion in limine to exclude references to his criminal record.

{¶4}    During the jury trial of this case, A.S. testified that he was surprised to find Mr. Allgood at his home on the date in question.  During cross-examination, defense counsel asked A.S. whether he was angry because Mr. Allgood disapproved of his relationship with D.H.  A.S. denied it, then volunteered that he did not like having Mr. Allgood around because "he got sexual assaults towards his own daughter."  Defense counsel moved for a mistrial; the trial court denied the motion and offered a curative instruction instead.  Defense counsel moved for a mistrial again, however, based on the substance of the curative instruction.  The trial court also denied that motion and provided a second curative instruction.

{¶5}    The jury found Mr. Allgood not guilty of attempted gross sexual imposition, but guilty of both charges of attempted rape.  The trial court merged those

convictions for purposes of sentencing and sentenced Mr. Allgood to ten years to life in prison. Mr. Allgood filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE STATE OF OHIO FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT COMMITTED ATTEMPTED RAPE.

{¶6} Mr. Allgood's first assignment of error is that his conviction for attempted rape is not supported by sufficient evidence because the State did not introduce evidence that his behavior constituted a substantial step toward engaging in sexual conduct with A.K.S.

{¶7} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶8} R.C. 2907.02(A)(1)(b) provides that "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the

other person." R.C. 2907.02(A)(2) provides that "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Each form of committing the offense of rape requires "sexual conduct," which is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C. 2907.01(A).

{¶9} An "attempt" is "conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Such conduct must "'constitut[e] a substantial step in a course of conduct planned to culminate in [the] commission of the crime.'" (Alterations added.) *State v. Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶ 95, quoting *State v. Woods*, 48 Ohio St.2d 127 (1976), paragraph one of the syllabus. In order for conduct to rise to the level of a substantial step, it must be "'strongly corroborative of the actor's criminal purpose.'" *Group* at ¶ 95, quoting *Woods* at paragraph one of the syllabus.

{¶10} When a defendant is charged with attempted rape, the defendant's conduct must demonstrate the purpose to commit rape: it must be a substantial step toward engaging in sexual *conduct*, not merely sexual *contact*. *State v. Davis*, 76 Ohio St.3d 107, 114 (1996). "Attempted rape requires that the actor * * * commit some act that "'convincingly demonstrate[s]'" the intent "to engage in sexual conduct, as defined by statute." *Id*., quoting *State v. Heinish*, 50 Ohio St.3d 231, 239 (1990), quoting *Woods*, 48 Ohio St.2d at 132. The removal of a victim's clothing standing alone, for example, is

insufficient evidence of attempted rape. *Davis* at 114. *See also Heinish* at 238-239. Additional evidence that demonstrates that the defendant intended to commit rape—as opposed to another sexual offense—is also required. *Davis* at 114. See also *State v. Brown*, 8th Dist. Cuyahoga No. 98540, 2013-Ohio-1982, ¶ 21 (sufficient evidence of the intention to commit rape existed when the defendant was found standing over the victim, attempting to remove her pants, with his own pants partially removed); *State v. Lucas*, 5th Dist. Tuscarawas No. 2005AP090063, 2006-Ohio-1675, ¶ 23-25 (sufficient evidence of attempted rape existed when the defendant voiced his desire to have sex with the victim and attempted to remove the victim's pants during a struggle). *Compare State v. Jones*, 8th Dist. Cuyahoga No. 82978, 2004-Ohio-512, ¶ 20-22 (evidence indicating that the defendant grabbed the victim by the back of the neck, held a knife to her throat, and ordered her to remove her clothing was not sufficient to demonstrate attempt to commit rape).

{¶11} "The act required need not constitute the last possible event short of completing the crime," however. *State v. Hartsook*, 9th Dist. Summit No. 14769, 1991 WL 35137, *2 (Mar. 6, 1991), citing *State v. Farmer*, 156 Ohio St. 214, 216 (1951) and *State v. Brooks*, 44 Ohio St.3d 185, 190 (1989). In addition, for purposes of R.C. 2907.02(A)(1)(b), the defendant's conduct should be considered in light of the tender age of the victim. *See*, *e.g.*, *State v. Powell*, 49 Ohio St.3d 255, 261 (1990) (concluding that "ordering this seven-year-old child to take off her clothes strongly corroborates [the defendant's] criminal purpose to engage in sexual conduct with her.").

{¶12} In this case, there is sufficient evidence that, when viewed in the light most favorable to the State, demonstrates that Mr. Allgood's actions constituted a substantial step toward engaging in sexual conduct with A.K.S. The child's father, A.S., testified that after he went upstairs to lie down, he heard Mr. Allgood say, "Give me a real hug, give me a real hug" three or four times. A.S. recalled that something about the situation made him uncomfortable, so he got up and walked around the house looking for Mr. Allgood and A.K.S. A.S. noted that the house was quiet at the time. He testified that after searching most of the house and looking outside, he walked toward a small bathroom. Once there, he found Mr. Allgood and A.K.S. behind the door, visible through the crack between the door and the doorframe. A.S. emphasized that had they been using the toilet, they would have been visible from the doorway itself.

{¶13} A.S. testified that when he found Mr. Allgood and A.K.S., A.K.S.'s pull-up diaper had been completely removed, and Mr. Allgood held his own penis in one of his hands. He recalled that Mr. Allgood's other hand was on A.K.S.'s neck and shoulders with Mr. Allgood's fingers wrapped behind the two-year-old boy's neck. A.S. estimated A.K.S.'s height at the time of the incident relative to his own height of five feet, nine inches as about the level of the bottom of a pocket on his jeans. At trial, A.S. and the counsel for the State demonstrated the relative positions in which A.S. found Mr. Allgood and A.K.S. in the bathroom, although a description of this demonstration has not been preserved as part of the record. A.S. also testified that after his physical altercation with Mr. Allgood that followed, he asked, "why did [you] do it[?]" and Mr. Allgood "said he didn't know." Although Mr. Allgood reacted to A.S.'s appearance by insisting that he

was helping A.K.S. to toilet train, A.S. testified that A.K.S. was capable of using his training toilet independently at the time, that his training toilet was undisturbed in the location where it was stored, and that it was apparent that the bathroom toilet had not recently been used.

{¶14} "Sexual conduct," as used in R.C. 2907.02(A), includes fellatio. R.C. 2907.01(A). One could reasonably infer from A.S.'s testimony and the accompanying demonstration that he found Mr. Allgood, who held his penis in his hand, at a distance less than arms' length from A.K.S., and that Mr. Allgood's hand rested behind the child's neck and shoulder. From this testimony, the trier of fact could reasonably conclude beyond a reasonable doubt that Mr. Allgood's conduct constituted a substantial step toward engaging in sexual conduct with A.K.S. and, therefore, attempted rape.

{¶15} Mr. Allgood's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE CONVICTION FOR ATTEMPTED RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16} In his second assignment of error, Mr. Allgood argues that his conviction for attempted rape is against the manifest weight of the evidence. This Court does not agree.

{¶17} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created

such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶18} Mr. Allgood's first argument is that his conviction is against the manifest weight of the evidence because the testimony against him consisted exclusively of circumstantial evidence gleaned from the testimony of A.K.S.'s father, who was motivated by bias against Mr. Allgood. In support of this argument, Mr. Allgood has pointed to A.S.'s acknowledgment that Mr. Allgood was not supposed to be in the house that he shared with A.K.S.'s mother, and he maintains that "[A.S.] wanted to get Allgood out of the picture and was willing to exaggerate and lie about what happened with his son to have Allgood convicted of the crime."

{¶19} A jury, however, can take issues related to potential bias into account and determine how much weight to give testimony as a result. *See State v. Culp*, 9th Dist. Summit No. 26188, 2012-Ohio-5395, ¶ 25. In this case, A.S. acknowledged during direct examination that Mr. Allgood was not supposed to be in the residence, and he described his heightened emotional state after he found Mr. Allgood with A.K.S. as "crazy," noting that he "almost lost it." He also explained that his reaction was motivated by personal experience:

> Because I been [*sic*] through the same thing myself. You know, my – my – my biological mom had babies by my granddad. That's how we all ended up in foster care and stuff like that. From people like him. And I wasn't going through it no more.

During his cross-examination, A.S. affirmed that he did not like having Mr. Allgood around, and defense counsel's line of questioning also suggested that Mr. Allgood did not approve of A.S.'s relationship with his daughter.

{¶20} This Court must "consider[] the credibility of witnesses" as part of our manifest weight review. *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175. Nonetheless, this Court is mindful of the well-established principle that a trier of fact enjoys the best position to assess the credibility of witnesses. *State v. Rivera*, 9th Dist. Lorain No. 18CA011263, 2019-Ohio-62, ¶ 39, quoting *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. The jury heard all of the testimony in this case, including testimony demonstrating A.S.'s potential bias, and determined the weight that it would afford to that testimony. *See Culp* at ¶ 25. This Court cannot conclude that the weight of the evidence weighs against Mr. Allgood's conviction on that basis.

{¶21} Mr. Allgood has also argued that his explanation for the events should be afforded more weight because the evidence against him was merely circumstantial. In this respect, this Court notes that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value[.]" *Jenks*, 61 Ohio St.3d 259, at paragraph one of the syllabus. Mr. Allgood's explanation was that he was "teaching [A.K.S.] how to potty train." Both A.S. and D.H., however, testified that A.K.S. already knew how to use the training toilet independently. A.S. described the process that A.K.S. followed when he needed to urinate in detail and noted that the training toilet that A.K.S. used was undisturbed from its customary location when he found Mr. Allgood in the bathroom

with A.K.S. A.S. noted that the bathroom toilet had not been recently used and testified that had either of them been using the toilet when he approached the bathroom, he would have seen it. D.H. confirmed that when she entered the bathroom, she also noted that the toilet was not running as though it had been flushed recently and that there was no urine in the toilet.

{¶22} Given the evidence in this case, this Court cannot conclude that this is the exceptional case in which the evidence weighs heavily against the conviction. Mr. Allgood's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED
THE APPELLANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL
BY FAILING TO GRANT HIS MOTION FOR A MISTRIAL.

{¶23} In his third assignment of error, Mr. Allgood argues that the trial court abused its discretion by denying his motion for a mistrial after A.S. testified to matters excluded by the trial court in limine. This Court does not agree.

{¶24} A mistrial must be declared "only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991), citing *Illinois v. Somerville*, 410 U.S. 458, 462-463 (1973) and *Arizona v. Washington*, 434 U.S. 497, 505-506 (1978). Because "the trial judge is in the best position to determine whether the situation in [the] courtroom warrants the declaration of a mistrial[,]" the decision is one committed to the discretion of the trial court. *State v. Glover*, 35 Ohio St.3d 18, 19 (1988). This Court reviews the denial of a motion for mistrial for an abuse of discretion. *State v. Halsell*, 9th Dist. Summit No. 24464, 2009-Ohio-4166, ¶ 6, citing

*State v. Patel*, 9th Dist. Summit No. 24024, 2008-Ohio-4692, ¶ 46. "In analyzing whether a defendant was deprived of a fair trial, an appellate court must determine whether, absent the improper remarks, the jury would have found the appellant guilty beyond a reasonable doubt." *Columbus v. Aleshire*, 187 Ohio App.3d 660, 2010-Ohio-2773, ¶ 42 (10th Dist.), citing *State v. Maurer*, 15 Ohio St.3d 239, 267 (1984).

{¶25} When a defendant moves for a mistrial after testimony related to "other crimes, wrongs, or acts" under Evid.R. 404(B), a trial court does not abuse its discretion by denying the motion if the reference to other acts was brief and isolated, the remarks were followed by a curative instruction, and the likelihood of prejudice is low. *See State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 174-175, citing *State v. Garner*, 74 Ohio St.3d 49, 59 (1995) and *State v. Treesh*, 90 Ohio St.3d 460,483 (2001). In such cases, this Court presumes that the jury follows the trial court's instructions. *See State v. Loza*, 71 Ohio St.3d 61, 75 (1994), citing *State v. Henderson*, 39 Ohio St.3d 24, 33 (1988).

{¶26} In this case, the reference to impermissible evidence under Evid.R. 404(B) was brief, and counsel for Mr. Allgood objected immediately:

Q:    So you started off by saying you came home, and you're pissed that my client, the grandfather of [A.K.S.], is at your house; right?

A:    Um-hum.

Q:    Is that because my client doesn't think you're good for his daughter?

A:     No.  Just because he always at the house drunk, and he got sexual assaults towards his own daughter; so that's why I don't like him around.[1]

After a lengthy discussion with counsel at sidebar, the trial court sustained the objection, instructed the jury to disregard the statement made by A.S, and took the further step of informing the jury that the statement made by A.S. "may, in fact, not be accurate or truthful."  To the extent that Mr. Allgood alleges error in connection with the substance of the curative statements, this Court notes no abuse of discretion on the part of the trial court.  The trial court's ruling on the motions for a mistrial and the lengthy curative instructions demonstrate that the trial court wrestled with the potential impact of A.S.'s statement, balancing it with the "'ends of public justice.'"  *Somerville* at 463.  *See also Glover* at 19. The trial court's statements bear no indication of an abuse of discretion. *See generally Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256 (1996) (noting that an abuse of discretion is demonstrated by a "result [that] must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.").

{¶27}  This was also not a situation in which the defendant was deprived of the possibility of a fair trial.  "In determining whether a defendant was deprived of a fair trial, a court must determine whether, absent the error or irregularity, 'the jury would have

---

[1] Although the circumstances that precipitated A.S.'s statement are not entirely clear from the record, it appears that A.S. had demonstrated that he was inclined to make statements harmful to Mr. Allgood during a previous court appearance, thus leading to the motion in limine. Nonetheless, it also appears that both the State and defense counsel were caught off guard by A.S.'s actual statement during trial.

found the appellant guilty beyond a reasonable doubt.'" *State v. Edwards*, 9th Dist. Summit No. 28164, 2017-Ohio-7231, ¶ 13, quoting *Aleshire*, 187 Ohio App.3d 660, 2010-Ohio-2773, at ¶ 42. In this case, then, the question is whether the jury would have found Mr. Allgood guilty of attempted rape had A.S.'s statement not been made. *See State v. Knight*, 9th Dist. Wayne No. 15AP0019, 2016-Ohio-8505, ¶ 9. Given the evidence against him, as noted in this Court's discussion of Mr. Allgood's first and second assignments of error, this Court cannot attribute Mr. Allgood's conviction to A.S.'s statement. *See id.*

{¶28} The trial court, therefore, did not abuse its discretion by denying Mr. Allgood's motion for a mistrial. His third assignment of error is overruled.

III.

{¶29} Mr. Allgood's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, J.
CONCURS.

SCHAFER, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶30} I must begrudgingly concur in judgment only as our appellate review is constrained to the assignments of error as presented.

APPEARANCES:

DANIEL G. WIGHTMAN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.